Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2533 | **DATE** | 5/3/2000 |
| **CASE TITLE** | Vincent Curtis Watkins vs. Officer Khamu, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) X Status hearing[held/continued to] [set for] on 6/28/00 at 8:45 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's application to proceed without prepayment of the entire $150 filing fee in advance is granted. (2-1) Watkins is assessed an initial partial filing fee of $5.28 and the Hill Trust Fund officer is ordered to collect that amount from Watkin's trust fund account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. The Clerk is to issue summons and the US Marshal is directed to obtain service on defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | *mailed to + Fiscal trust fund officer 5/3/00 SM* | | |
| | Notified counsel by telephone. | | MAY 0 4 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VINCENT CURTIS WATKINS, )
 )
        Plaintiff, )
 )
v. ) No. 00 C 2533
 )
OFFICER KHAMU, et al., )
 )
        Defendants. )

DOCKETED
MAY 0 4 2000

MEMORANDUM OPINION AND ORDER

Vincent Watkins ("Watkins") has submitted a proposed 42 U.S.C. §1983 ("Section 1983") Complaint against two defendants associated with the Cook County Department of Corrections ("County Jail")--Sheriff Michael Sheahan and Correctional Officer Khamu--as well as against the unnamed Director of the County Jail and the unnamed Superintendent of Division 1 there. In the Complaint Watkins, who is now in custody at Hill Correctional Center ("Hill"), asserts that his constitutional rights were violated while he was a pretrial detainee at the County Jail. Watkins has also accompanied his Complaint with the AO 240 form of Application To Proceed Without Prepayment of Fees ("Application") and with an annexed printout covering his trust fund account at Hill, as required by 28 U.S.C. §1915(b)(1). For the reasons stated in this memorandum opinion and order, the Application is granted to the extent that Watkins is not required

to pay the entire $150 filing fee in advance, and this action will be permitted to proceed.

To begin with, it should be noted that this action is essentially a refiling of Watkins' earlier Complaint in Case No. 99 C 1781, which this Court was constrained to dismiss because of his then-existing failure to comply with his presuit obligation to exhaust administrative remedies as mandated by 42 U.S.C. §1997e(a). In that respect Watkins' current Complaint includes an affidavit stating that on September 20, 1999 (after the March 23, 1999 dismissal of his earlier lawsuit) he served Sheriff Sheahan and the County Jail Director with copies of a grievance that he had sent to the County Jail's Superintendent of Division 1 on January 17, 1999. That transmittal was accompanied by a request for relief regarding the grievance. Watkins further says that the Cook County grievance procedure is not now available to him, given his present custodial status with the Illinois Department of Corrections, and he adds (as his Complaint also alleges) that he had reported the incident to a Sergeant Bennett and a Lieutenant Tucker at the County Jail on the day after it happened and had been "told they would handle the situation." Although this Court should not be misunderstood as having ultimately ruled on Watkins' satisfaction of the exhaustion

requirement, what has been set out here suffices to allow him into the federal courthouse door as a threshold matter.

This opinion turns then to Watkins' other submissions. First, based on the Hill trust fund information, the average monthly deposits to Watkins' account during the six-month period preceding the filing of the Complaint came to $26.38. Accordingly, pursuant to Section 1915(b)(1), Watkins is assessed an initial partial filing fee of $5.28 (20% of that amount), and the Hill trust fund officer is ordered to collect that partial filing fee from Watkins' trust fund account there and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at Hill or any other correctional facility where Watkins is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Watkins' name and the

00 C 2533 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Hill trust fund officer.

As for Watkins' substantive claims, the March 23, 1999 dismissal order found that "the generous reading to which pro se pleadings are entitled (<u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam)), coupled with the undemanding standard prescribed by <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)" sufficed to state a potentially viable Section 1983 claim against Officer Khamu. Although now as then the situation is somewhat less clear as to the other three defendants, the Complaint will presently be viewed as facially sufficient unless and until a defense motion were to establish otherwise.

Finally, in light of Watkins' in forma pauperis status, this Court is directing the United States Marshals Service to obtain service on defendants. This action is set for an initial telephonic status hearing at 8:45 a.m. June 28, 2000.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 3, 2000