# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2533 | **DATE** | 7/25/2000 |
| **CASE TITLE** | Vincent Curtis Watkins vs. Officer Khamu, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because so much of Khamou's Answer falls by the wayside and because his two codefendants must also plead to Watkins' Complaint, the Khamou Answer is stricken in its entirety. All three defendants referred to in this memorandum opinion and order are therefore ordered to file a proper answer to the Complaint in this Court's chambers on or before chambers on or before August 7, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 26 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/25/2000 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VINCENT CURTIS WATKINS,        )
                               )
            Plaintiff,         )
                               )
    v.                         )   No. 00 C 2533
                               )
OFFICER KHAMU, et al.,         )
                               )
            Defendants.        )

MEMORANDUM OPINION AND ORDER

This Court is in receipt of two pleadings filed by an Assistant Cook County State's Attorney in response to the Complaint filed against all defendants by a one-time pretrial detainee at the Cook County Jail ("Jail"), Vincent Watkins ("Watkins"):

1. a motion to dismiss ("Motion") on behalf of codefendants Sheriff Michael Sheahan and Jail Director Ernesto Velasco; and

2. an Answer on behalf of codefendant Officer Edward Khamu ("Khamou," whose name is misspelled "Khamu" in the Complaint).

Although the Motion has not been noticed up for presentment as required by this District Court's rules, this sua sponte memorandum opinion and order is able to address both of those responsive pleadings.

First as to the Motion, the moving codefendants are correct in describing the relevant standards for evaluating Watkins'

Complaint, having pointed to the generous reading mandated by the combination of Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam) and Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). But having done so, defense counsel has failed to apply those standards with sufficient generosity.

It is of course true that 42 U.S.C. §1983 ("Section 1983") liability may not be predicated on respondeat superior principles (on this score, the seminal authority is of course Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978)). But in this instance Watkins has sufficiently ascribed to both supervisory defendants the necessary personal involvement to keep them in court--here is part of Complaint ¶V, copied verbatim:

> My claim against the superintendent, Director, and Sherif of Cook County is that they knew of the existing situation in this jail which put certain non-gang members at risk of harm. These officials have direct knowledge of the longstanding and pervasive situation in which gang members are allowed to section off the eating areas and tables by gang affliliation. They had to know, because many other attacks have been reported, and nothing done about it. Because this is a longstanding condition in the Cook County jails it violates the cruel and unusual punishment clause of the US constitution's eighth amendment. I further claim these officials are liable for the actions or inaction by Officer Khamu in their official capacity as his supervisors and employer. Whether he was improperly trained or lacked the intrinsic qualities necessary for employment as a correctional officer, Officer Khamu should not have been in charge of a situation with obivious potential risk.

Whether Watkins will be able to deliver as advertised is of

course a different question, but for Fed. R. Civ. P. ("Rule") 12(b)(6) purposes his allegations must be accepted as true, together with reasonable inferences in his favor. Accordingly the Motion is denied, and Sheriff Sheahan and Director Velasco are ordered to answer the Complaint on or before August 7, 2000.

As for Khamou's Answer, it is a model of carelessness in terms of federal pleading. Of its 17 paragraphs, fully 11 ignore the clear roadmap marked out by the second sentence of Rule 8(b) for any defendant who can neither admit nor deny a plaintiff's allegations but still wishes to get the benefit of a deemed denial. Here is Khamou's standard "answer" (or more accurately, nonanswer) to Complaint ¶¶2-11 and 13:

> Defendant KHAMOU neither admits nor denies the allegations of paragraph -- as he lacks sufficient knowledge to answer. To the extent that an answer may be read, defendant denies these allegations at the present time.

All of those paragraphs are stricken, with leave of course being granted to file a proper response instead.

Lastly, what Khamou lists as his denial of the allegations of Complaint ¶14 "because they state legal conclusions" ignores the fact that under the federal notice pleading regime, legal conclusions are a perfectly appropriate part of a plaintiff's pleading. Indeed, defense counsel's inattention to that basic truth is particularly ironic, because one of the Supreme Court decisions that confirms it is <u>Neitzke v. Williams</u>, 490 U.S. 319,

3

325 (1989)--a case that defense counsel himself cites in his Motion at 2. So Answer ¶14 is also stricken.

Because so much of Khamou's Answer falls by the wayside and because his two codefendants must also plead to Watkins' Complaint, the Khamou Answer is stricken in its entirety. All three defendants referred to in this memorandum opinion and order are therefore ordered to file a proper answer to the Complaint in this Court's chambers on or before August 7, 2000.

Milton I. Shadur
Senior United States District Judge

Date: July 25, 2000